UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:14-cv-00099-MOC

IN RE: )
)
**BILTMORE INVESTMENTS, LTD.,** )
)
      Appellant, )
)
v. ) **ORDER**
)
**TD BANK, N.A.,** )
)
      Appellee. )

**THIS MATTER** is before the court on the recent decision from the Fourth Circuit Court of Appeals (#21) vacating and remanding this court's previous Order (#9) on Biltmore Investments, Ltd.'s Notice of Appeal (#1).

### I. FACTUAL AND PROCEDURAL BACKGROUND

The facts of these proceedings have previously been summarized by the court. See (#9). The Fourth Circuit vacated and remanded this matter because it found that this court, the Bankruptcy Court, and the parties were all operating under the misconception that the automatic stay provisions of 11 U.S.C. 362 applied in this case. The Circuit instructed:

> Under the plain language of the Bankruptcy Code, the confirmation of Biltmore's Plan terminated the automatic stay. Upon confirmation, the Plan "re-vested [Biltmore] with its assets subject only to all outstanding liens which are not avoidable by [Biltmore] under the [Bankruptcy] Code." J.A. 334; see also 11 U.S.C. § 1141(b) ("Except as otherwise provided in the plan or the order confirming the plan, the confirmation of a plan vests all of the property of the estate in the debtor.").
>
> …
>
> Confirmation of the Plan also discharged "any and all amounts due by [Biltmore]

> to its creditors." J.A. 335; see also 11 U.S.C. § 1141(d)(1)(A) ("Except as otherwise provided in this subsection, in the plan, or in the order confirming the plan, the confirmation of a plan . . . discharges the debtor from any debt that arose before the date of such confirmation . . . ."). Pursuant to § 362(c)(2), the discharge ended the stay of "other act[s]" enumerated in § 362(a).
>
> …
>
> Because the automatic stay had expired, the district court erred in extending it to McGee and in invoking the expired stay to enjoin TD Bank's efforts to collect on its judgment against McGee in state court.

See (#21) at p. 6. The Circuit thus vacated this court's Order as to the automatic stay provision, but instructed the court to consider Biltmore's alternative argument that an injunction would be proper under 11 U.S.C. § 105, see id. at p. 7, which provides that a bankruptcy court may "issue any order . . . that is necessary or appropriate to carry out the provisions of this title." Id. While Biltmore had initially raised that argument on appeal from the Bankruptcy Court, the court declined to address the Bankruptcy Court's refusal to grant an injunction pursuant to § 105 because it concluded that the automatic stay applied. Thus, the issue on remand is whether, in the underlying bankruptcy proceedings, an injunction should have issued under § 105. After considering the Fourth Circuit's directives, the court instructed the parties to brief the issues before the court, see (##25, 26, 28-1, 29), and held a hearing on the matter on January 4, 2016. For the reasons stated at the hearing and explained herein, this court finds that the appropriate course of action at this juncture is to remand this matter to the Bankruptcy Court to reconsider, after making factual findings under the appropriate governing standards, whether such an injunction would be appropriate.

## II. LEGAL STANDARDS

### A. Standard of review

This court reviews a bankruptcy court's legal conclusions <u>de novo</u> and its factual findings for clear error. <u>In re Johnson</u>, 960 F.2d 396, 399 (4th Cir. 1992). A finding of fact is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." <u>Viecelli v. Schneider</u>, No. 4:07CV00031, 2007 WL 3146509, at *1 (W.D. Va. Oct. 26, 2007) (citing <u>United States v. United States Gypsum Co.</u>, 333 U.S. 364, 395 (1948)). "Moreover, if the appellate court considers a ruling over which the bankruptcy court exercised its discretion under the Bankruptcy Code, that finding is reviewed under an abuse of discretion standard." <u>Id.</u> (citations omitted). The question of whether the Bankruptcy Court properly invoked its authority under 11 U.S.C. § 105 involves an inquiry as to abuse of discretion. See <u>Hawaii Structural Ironworkers Pension Trust Fund v. Calpine Corp.</u>, No. 06 CIV. 5358 (PKC), 2006 WL 3755175, at *3 (S.D.N.Y. Dec. 20, 2006) ("The decision to grant or deny an injunction is reviewable on appeal for an abuse of discretion.") (citing <u>Wisdom Import Sales Co., L.L.C. v. Labatt Brewing Co., Ltd.</u>, 339 F.3d 101, 108 (2d Cir. 2003)); <u>In re Union Trust Philadelphia, LLC</u>, 460 B.R. 644, 661 (E.D. Pa. 2011) ("[Bankruptcy] court did not abuse its discretion in issuing an injunction pursuant to § 105(a) to extend the automatic stay"); <u>In re Compton Corp.</u>, 90 B.R. 798, 806 (N.D. Tex. 1988); 5B Fed. Proc., L. Ed. § 9:1834 ("Among other things, the abuse-of-discretion standard is applicable to…the issuance of an injunction under 11 U.S.C.A. § 105.").

B. **Injunction Pursuant to 11 U.S.C. § 105**

11 U.S.C. § 105(a) provides:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, <u>sua sponte</u>, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

<u>Id.</u> The Fourth Circuit has noted that 11 U.S.C. § 105 "empowers the bankruptcy court to enjoin parties other than the bankrupt from commencing or continuing litigation." <u>Kreisler v. Goldberg</u>, 478 F.3d 209, 215 (4th Cir. 2007) (quoting <u>A.H. Robins Co. v. Piccinin</u>, 788 F.2d 994, 1002 (4th Cir. 1986)). Additionally, "the bankruptcy court under its comprehensive jurisdiction as conferred by section 1334, 28 U.S.C., has the inherent power of courts under their general equity powers and in the efficient management of the[ir] dockets ... to grant a stay." <u>Id.</u> (citing <u>Piccinin</u>, 788 F.2d at 1003). This court's colleague in the U.S. Bankruptcy Court in the Eastern District of North Carolina recently noted that, "[t]he 'unusual circumstances' exception to § 362(a)(1), and an injunction pursuant to the court's powers under § 105, are two separate and distinct grounds on which the court can stay non-debtor litigation.…While the former does not require the same analysis as the latter, one set of circumstances may implicate and warrant relief on both grounds." <u>In re Brier Creek Corp. Ctr. Associates Ltd.</u>, 486 B.R. 681, 693 (Bankr. E.D.N.C. 2013) (internal citations omitted).

III. **DISCUSSION**

The question before the court is whether the Bankruptcy Court abused its discretion in not issuing an injunction pursuant to 11 U.S.C. §105. By its briefing, Biltmore essentially argues that the Bankruptcy Court should have invoked its power under 11 U.S.C. § 105 to achieve the

-4-

remedy that this court sought to impose through application of the automatic stay provision. TD Bank argues that Biltmore's actions in Bankruptcy Court regarding an injunction under § 105 were procedurally and substantively defective and that the Bankruptcy Court therefore committed no error in denying the request. TD Bank notes that Biltmore did not ever put a motion for injunctive relief in writing, but simply stated at the end of the Bankruptcy Court's hearing on February 19, 2014, after Judge Hodges stated that the automatic stay did not apply in this case:

> Judge, I think I know what you're going to say, but – but there is case law that says that even [if] the stay doesn't apply, in extraordinary circumstances you can use your otherwise 105 powers to stay this action to protect any interest of the protected debtor-in-possession.

(Bankr. Doc. No. 169, p. 17). In response, Judge Hodges stated, "I don't think I can do that," see id., and later stated by written order, "The Court declines the Debtor's request that the Court invoke its inherent powers under 11 U.S.C. § 105 to impose the automatic stay on the Henderson County, North Carolina proceedings initiated by TD Bank." (Bankr. Doc. No. 172 at ¶ 16).

Given the procedural posture of this case, the "abuse of discretion" standard this court is required to apply, and the lack of any substantive argument or findings on the record before the Bankruptcy Court as to whether a stay could have issued pursuant to 11 U.S.C. § 105, the court finds that the appropriate remedy is to remand this matter to Bankruptcy Court to address the matter more fully so that all facts and legal arguments are properly before the court where the motion was originally made. It is impossible for this court to determine whether the Bankruptcy Court abused its discretion in denying the motion when it gave no reason for so denying. Despite Judge Hodges' stated concern about his authority under 11 U.S.C. § 105, it appears to this court that 11 U.S.C. § 105 was, in fact, a proper tool available to the Bankruptcy Court at the time that

the motion was made, see, e.g., In re Brier Creek, 486 B.R. at 693, particularly since, as the Circuit has clarified, the automatic stay provision was unavailable. It is for the Bankruptcy Court to decide, however, whether to use § 105 to enjoin any state court proceedings, whether Biltmore made the requisite showings under the governing legal standards, and whether the motion was procedurally proper.[1]

On remand, the court will also instruct the Bankruptcy Court to take into consideration this court's prior Order (#9), which explained the reasons it found that a stay would be appropriate in this case—namely, that "[w]hat is ultimately at issue in this matter is control of Biltmore," and "TD Bank's state court actions amount to an action to obtain possession of, or exercise control over, property of the debtor's bankruptcy estate (Mr. McGee's stock), which is, in effect, an action against the debtor." (#9). The court observed that, if TD bank was allowed to execute on McGee's stock, "there is the potential that TD Bank or a third party" would buy the stock and that "the new stockholder may not act in the best interests of Biltmore by, for example, failing to comply with the terms of the confirmed Plan or simply liquidating the company." Id. at 9-10. While such reasoning may be moot at this point given the factual development of this case over the past year, it may be useful to the Bankruptcy Court to consider in making its

---

1 TD Bank contends that the oral motion made pursuant to 11 U.S.C. § 105 was procedurally improper in that: 1) the Bankruptcy Rules require a party to file an adversary proceeding for such motions; 2) even if it was appropriate for Biltmore to make such oral motion without filing an adversary proceeding, the Bankruptcy Rules require it to be in writing and with notice to the other party. See, e.g., Fed. R. Bankr. P. 7001(7) ("the following are adversary proceedings ... (7) a proceeding to obtain an injunction or other equitable relief...."); Matter of Zale Corp., 62 F.3d 746, 763 (5th Cir. 1995) ("In order to initiate an adversary proceeding, a party seeking equitable relief must file a complaint and serve each affected party."). See also In re Conxus Commc'ns, Inc., 262 B.R. 893, 899 (D. Del. 2001); In re Best Products Co., 203 B.R. 51, 54 (Bankr. E.D. Va. 1996); In re SS Body Armor I, Inc., 527 B.R. 597, 607 (Bankr. D. Del. 2015) (generally finding that motions for injunctions require the commencement of an adversary proceeding); 2 Bankruptcy Litigation § 7:30 ("If a request for injunctive relief is made by filing a motion or application and no complaint has been filed, the request for injunctive relief may be dismissed or denied due to the procedural irregularity."). See also Fed. R. Bankr. P. 9013; 9014 (governing when motions must be made in writing). Despite TD Bank's contentions before this court, whether or not Biltmore's motion was in compliance with the procedural rules is a matter for the Bankruptcy Court to determine.

determination. Ultimately, the decision whether to stay any state court proceedings pursuant to 11 U.S.C. § 105 is within the discretion of the Bankruptcy Court, and this court will not disturb any such original jurisdiction or application of the Bankruptcy Court's sound discretion without a fully developed record before it.

**ORDER**

**IT IS, THEREFORE, ORDERED** that this matter is **REMANDED** to the Bankruptcy Court for reconsideration of Biltmore's oral motion made pursuant to 11 U.S.C. § 105, with instructions to the Bankruptcy Court to consider the procedural posture of the motion and, if appropriate, the substantive arguments, as well as the concerns of this court regarding the ability of the Bankruptcy Plan to run its course as stated by prior Order.

Signed: January 4, 2016

Max O. Cogburn Jr
United States District Judge